UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

REGINALD KNOX #167359,

    Plaintiff,

v.

    Hon. Paul L. Maloney

PHILLIP J. GREEN and
LOREN KHOGALI,

    Case No. 1:22-cv-433

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner incarcerated with the Michigan Department of Corrections who is barred from proceeding *in forma pauperis* under the three-strikes provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), initiated this action on May 6, 2022, by paying the civil action filing fee in the amount of $402.00.

The document that functions as the complaint is titled "Request for Hearing on Contempt." (ECF No. 1 at PageID.1.) It lists Magistrate Judge Phillip J. Green of this Court as the plaintiff and Plaintiff and Loren Khogali, Esq. as the defendants. The body of the complaint is rambling and difficult to understand. It mentions, among other things and individuals, Article VI, Section 4 of the Michigan Constitution of 1963; Federal Rule of Civil Procedure 54(d)(2)(D); the Federal Magistrate's Act, 28 U.S.C. § 636(c)(1); 25 U.S.C. § 201(pertaining to recovery of penalties under federal Indian law); former Michigan Supreme Court Justice Stephen J. Markman; former Michigan Governor and now-Energy Secretary Jennifer Granholm; former Mayor of Detroit Kwame Kilpatrick, who "never did pay [Plaintiff an] intelligence fee"; Fed. Juvenile Delinquency Act ACLU project director Deborah Labelle; former United States Marshal Peter Munoz; and Muskegon Complex Parole Board member Kleinhardt. (*Id.* at PageID.1–2.) In short, even reading

Plaintiff's pro se complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), his allegations are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Because Plaintiff paid the filing fee, I am not authorized to review the complaint under 28 U.S.C. § 1915(e) to determine whether it should be dismissed because it is frivolous or malicious or fails to state a claim on which relief may be granted. *See Clark v. United States*, 74 F. App'x 561, 562 (6th Cir. 2003) ("Clark, however, did not proceed IFP, but paid the filing fee. Generally, if a plaintiff pays the filing fee, a complaint is not subject to dismissal without notice to the plaintiff and an opportunity to amend.") (citing *Benson v. O'Brian*, 179 F.3d 1014, 1017 (6th Cir. 1999)). Nonetheless, it is firmly established that a court may dismiss an action *sua sponte* "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479–80 (6th Cir. 1999); *see also Wagenknecht v. United States*, 533 F.3d 412, 417 (6th Cir. 2008).

Here, dismissal for lack of subject matter jurisdiction is proper, as the complaint lacks an arguable basis in fact or law and is therefore "frivolous." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Accordingly, I recommend that the Court dismiss this action for lack of subject matter jurisdiction.

Date:  May 19, 2022                                        /s/ Sally J. Berens
                                                           SALLY J. BERENS
                                                           U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).