UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| REGINALD KNOX, #167359,  )<br>　　　　　　　　　Plaintiff,  )<br>　　　　　　　　　　　　　　)<br>-v-　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　)<br>PHILLIP GREEN AND LOREN KHOGALI,  )<br>　　　　　　　　　Defendants.  )<br>　　　　　　　　　　　　　　) | No. 1:22-cv-433<br><br>Honorable Paul L. Maloney |

## ORDER ADOPTING REPORT AND RECOMMENDAITON

The Clerk of Court opened this civil lawsuit after receiving a document from Reginald Knox titled "Request for Hearing on Contempt." Plaintiff is a prisoner under the control of the Michigan Department of Corrections. He paid the filing fee.

The Magistrate Judge reviewed the complaint and issued a report (ECF No. 3) recommending the Court dismiss the action for lack of subject-matter jurisdiction as the allegations in the complaint are implausible, attenuated, frivolous, or devoid of merit. *See Apple v. Green*, 183 F.3d 477, 479-80 (6th Cir. 1999). The report and recommendation place Plaintiff on notice that his complaint was subject to dismissal. Plaintiff filed two documents using the word "Objections" as the title. (ECF Nos. 4 and 5.) The two documents are functionally identical. Plaintiff uses the same words in both documents, although the spacing at the bottom of the first page of the two documents is different. Plaintiff addressed the envelopes differently; the first document was addressed to the Magistrate Judge and the second envelope was addressed to the undersigned.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

Plaintiff's objections do not address the problem identified by the Magistrate Judge in the R&R. Plaintiff has not adequately pled facts that would give rise to a plausible claim against the named defendants. The Court agrees with the Magistrate Judge's summary of the pleading: it is "rambling and difficult to understand." (PageID.16.) Plaintiff identifies multiple statutes but does not coherently or logically explain how those statutes are relevant to a cause of action against the named defendants. Accordingly, Plaintiff's objections are overruled.

Plaintiff does mention, in both his initial pleading and in his objection, Michigan's evolving jurisprudence concerning life without parole. Plaintiff has not pled facts that would tend to connect this evolving jurisprudence to his state sentence or to the named defendants. The Court also notes that Plaintiff already filed a petition for habeas relief under § 2254, which was denied. *See Knox v. Cason*, 1:03cv36 (W.D. Mich.) To the extent Plaintiff wishes to challenge his sentence, he would need to seek leave to do so in the Sixth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(3)(A).

3

For these reasons, the Court **ADOPTS**, as its opinion, the report and recommendation. (ECF No. 3.) The Court **DISMISSES** the complaint for lack of subject-matter jurisdiction. **IT IS SO ORDERED.**

Date:   June 13, 2022                                    /s/  Paul L. Maloney
                                                                                                     Paul L. Maloney
                                                                                                     United States District Judge